### KREIGER v. MARGULIES.

(Supreme Court, Appellate Term, First Department.    January 8, 1916.)

BROKERS ☞85—ACTIONS—EVIDENCE.

    In a suit by a broker to recover commissions for effecting the sale of defendant's shares in a corporation, where, after the broker procured the signing of an informal agreement, a more formal contract was drawn up, evidence showing that, despite an apparent discrepancy, the two agreements were identical, was improperly refused.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 106–115; Dec. Dig. ☞85.]

Appeal from City Court of New York, Trial Term.

Action by David Kreiger against Larry J. Margulies.    From a judgment dismissing the complaint, plaintiff appeals.    On motion for reargument.    Reversed and remanded.

Argued December term, 1915, before GUY and PHILBIN, JJ.

William H. Chorosh, of New York City, for appellant.
McLaughlin & Stern, of New York City, for respondent.

PER CURIAM.    This is a motion for a reargument of the appeal in this case.    The point now made, that the court below erred in the exclusion of certain testimony, was not referred to in the appellant's brief upon the argument of the appeal, and is now called to the attention of this court for the first time.

This action is brought by the plaintiff, as an assignee of one Kalb, to recover a commission of $500, alleged to have been earned by him in effecting a sale of the defendant's stock in a concern known as the Lesser-Kalb Manufacturing Company.    Kalb formerly owned the stock, and had retired from the business, selling his stock to the defendant, who took over his entire interest.    Later the defendant saw Kalb and told him that he was unable to agree with Lesser, the only other stockholder, in regard to the management of the business, and that he wanted to sell his stock.    He told Kalb that, if he would sell his stock for the amount he had paid for it, viz., $9,000, and receive payment on a note of $2,000, which the corporation owed him, he would give him (Kalb) $1,000 as a commission.    Kalk undertook to do this, and offered the stock to several persons, without, however, effecting a sale.    He finally suggested to the defendant the selling of the stock to Lesser.    The defendant then said that if Kalb sold the stock to Lesser he would pay but $500 commission.

At this time defendant and Lesser were not on speaking terms.. Kalb then approached Lesser on the subject, and after. several interviews with him the parties met on June 20, 1913, and a memorandum was drawn up reading as follows:

"New York, June 20, 1913.

"I hereby agree to pay Mr. Larry J. Margulies for his shares in the Lesser-Kalb Manufacturing Company $2,500 in outstanding accounts selected, $2,500 promised by Mr. I. D. Levy upon receipt of the same, $4,000 in eight notes, of $500 each, payable monthly. This proposition to be accepted by both parties, subject to the reduction of the capital stock to $15,000.

"Pincus Lesser.

"Larry J. Margulies, the Larrymade Waists."

At the same time Lesser signed the following:

"I hereby agree to pay to Mr. Margulies balance due on demand note when requested."

The defendant refused to sign this writing first quoted, saying:

"I never sign anything; you take my word for it."

At the same time, as Kalb testified, he asked Kalb to hold these papers in trust "until the final contract is drawn up by his attorneys, McLaughlin & Stern; don't surrender them to Lesser." About one week after this Lesser and the defendant went to the office of the attorneys above mentioned, and an agreement was signed by them, of which the following is the material portion:

"The party of the first part [Margulies] agrees to sell said 107 $1/_7$ shares of the capital stock of said company to the party of the second part [Lesser] in consideration of the sum of six thousand three hundred and forty-two and $86/_{100}$ dollars ($6,342.86), payable as follows: Two thousand one hundred and forty-two and $86/_{100}$ dollars ($2,142.86) upon the execution of this agreement, the receipt whereof is hereby acknowledged; five hundred dollars ($500) and interest on the 1st day of August, 1913, and a like sum on the 1st day of each and every month thereafter up to and including March 1, 1914, and two hundred dollars ($200) and interest on the 1st day of April, 1914, each of which payments shall be evidenced by the promissory note of the party of the second part."

The entire agreement was offered and received in evidence at the trial. It will be seen that this agreement provides for the payment by Lesser for the stock of but $6,342.86, and also provides terms of payment somewhat different than was provided in the writing first signed by Lesser. The defendant claimed on the trial that the agreement of June 27, 1913, was so much at variance with the terms at which Kalb was to find a customer for the stock as to show that Lesser and the defendant had made a new and different contract from the one of June 20, 1913, and that therefore Kalb was not the procuring cause of the sale, or entitled to the commission. The court below took this view, and at the close of the plaintiff's case dismissed the complaint.

As before stated, our attention is for the first time called to the fact that the plaintiff repeatedly attempted to show that the actual amount paid to the defendant was not as stated in the agreement of June 27, 1913, but was for $9,000 for the stock and $2,000 upon the note, which was the same amount the defendant had agreed to accept,

and which Kalb had induced Lesser to agree to pay; as evidenced by his signed agreement of June 20, 1913. That the unessential terms or times of payment in the two agreements are unlike is true; but, had the offered testimony been admitted, it would have afforded strong proof that by the agreement of June 27, 1913, the parties were merely carrying out the arrangement agreed upon on June 20th, and especially so in the absence of proof of any intervening agency between the two dates. In other words, upon such testimony the jury could have found that Kalb had procured a purchaser for defendant's stock, who had agreed to pay the exact amount which defendant had agreed to accept, and to whom the defendant finally delivered the stock and received the agreed purchase price.

It is needless labor to cite instances, as disclosed by the record, where testimony as to what was the actual consideration paid by Lesser for the stock was offered by the plaintiff and excluded by the court upon objections made by the defendant's counsel, to which exceptions were duly taken by the plaintiff's counsel. The exclusion of such testimony was error, which requires a reversal of the judgment. The respondent in his brief upon this motion says:

"Assuming, therefore, that Kalb was the procuring cause of the contract, he was not entitled to a commission under the agreement claimed by him, for the stock was sold for less than $9,000."

This statement emphasizes the error in refusing to allow the plaintiff to show that the true consideration was the sum of $9,000, and not merely $6,342.86, as stated in the contract.

Motion for reargument granted, and upon such reargument, judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.